No. 90-316

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

GEORGE DAVID LIX, LEONARD PERKINS,
RICHARD LEN PITSCH, and all other persons
known and unknown, but similarly situated,
          Plaintiffs and Respondents,

     -v-

STEPHEN J. KENNEY, and CORY KENNEY,
jointly, individually, and d/b/a
STEPHEN J. KENNEY CONTRACTORS,
          Defendants and Appellants.

FILED

JAN 10 1991

CLERK OF SUPREME COURT
STATE OF MONTANA

DAVID L. HUNTER and THE DEPARTMENT OF
LABOR AND INDUSTRY,
          Plaintiff and Respondent,

     -v-

STEPHEN J. KENNEY d/b/a STEPHEN J. KENNEY
CONTRACTORS,
          Defendant and Appellant.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
              In and for the County of Big Horn,
              The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Randall G. Nelson and Laurence R. Martin; Felt,
          Martin, Frazier & Lovas; Billings, Montana

     For Respondent:

          William Richardson, Butte, Montana
          David Scott; Dept. of Labor & Industry; Helena,
          Montana

                              Submitted on Briefs: November 29, 1990

                                      . Decided: January 10, 1991

Filed:

_____
          Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Stephen J. Kenney d/b/a Stephen J. Kenney Contractors appeals from an order of the Thirteenth Judicial District, Big Horn County, granting summary judgment in favor of the Department of Labor and Industry (Department) and George Lix, Leonard Perkins and Richard Pitsch, employees of Kenney Contractors. In its order, the District Court held that Kenney Contractors was liable for back wages, costs, penalties as required by § 39-3-206, MCA, and attorneys' fees. We affirm.

The sole issue on appeal is:

Whether the District Court erred when it ruled that Kenney Contractors was bound by a contractual provision requiring it to pay its employees certain hourly wages.

In 1982, the City of Hardin solicited bids to build a pumphouse and river intake structure. The project qualified as a public works project subject to Montana's Little Davis-Bacon Act. See §§ 18-2-401 through 432, MCA.

In March of 1982, Kenney Contractors successfully bid on the project and on May 21, 1982 signed a construction contract with the City. The contract, which was agreed to by all parties, contained a schedule of specific prevailing wage rates such as $15.90 per hour, for a journeyman electrician. These rates were minimum wage determinations based on job classifications common in the construction industry. They were established by the Department pursuant to § 18-2-402(1), MCA. It is undisputed that Kenney Contractors failed to pay its employees according to the prescribed

rates in the contract.

On August 22, 1983, the Department filed a complaint against Kenney Contractors alleging that it failed to pay the wage rates as required by the contract. The Department sought damages in the form of unpaid wages, on behalf of the employees, and penalties for its failure to comply with the express terms of the contract.

Later, several employees of Kenney Contractors filed their own complaint, in which they sought damages for unpaid wages. The individual plaintiffs also sought permission to intervene in the Department's action against Kenney Contractors and to join their claims to the Departments' claim. On February 9, 1988, the District Court consolidated the two cases.

All parties moved for summary judgment. Following the submission of written briefs and hearing oral argument, the District Court granted partial summary judgment in favor of the Department and the employees. This appeal followed.

As stated above, the pumphouse and river intake structure qualified as a public works project under the Montana "Little Davis-Bacon Act." Sections 18-2-401 - 432, MCA. This act requires contractors on public projects to pay their employees "the standard prevailing rate of wages . . . applicable to the district in which the work is being performed." Section 18-2-403(2), MCA.

In compliance with this mandate, the Department required a provision to be included in the contract, which directed Kenney Contractors to pay its workers according to the standard prevailing wages determined by the Department. A full and complete list in

dollar amounts of these specific wages was appended to the contract.

Kenney Contractors maintains that it is not bound to pay these wages because the wage rates were not adopted in compliance with the Montana Administrative Procedure Act. See §§ 2-4-101 through 711, MCA. Therefore, because the rates were not determined in compliance with the law, Kenney Contractors argues that their inclusion constitutes an illegal provision in the contract. Because the provision is illegal, Kenney Contractors argues, it was not required to comply with its mandate and this Court is precluded from enforcing its language. See, e.g. MPH Company and Tropic Industries v. Imagineering, Inc. and Bill R. Williams (1990), 47 St.Rep. 947, 792 P.2d 1081.

We disagree with this argument. Kenney Contractors relies heavily upon a district court case which held the Department of Labor did not have express rule making authority to determine standard prevailing wage rates. Therefore its determinations of these standards lacked the force of law. See Townsend Electric Inc. v. Dept. of Labor and Industry, First Judicial District No. 47160 (1983).

The decision in that case is not, however, applicable to the facts here. In the case now before us, Kenney Contractors expressly agreed to pay wage rates contained in the contract that it voluntarily executed with the City of Hardin. Therefore the issue presented for our review is one of contract law. It has nothing to do with administrative rule making authority.

4

Furthermore, it is uncontested that Kenney Contractors failed to pay the contractually set wages. We disagree with its assumption that the wage provisions were illegal. These provisions were not contrary to law, public policy or good morals. See § 28-2-701, MCA.

We therefore hold that the District Court properly granted summary judgment. There are no genuine issues of fact and because Kenney Contractors is contractually bound to pay the wage rates, the Department as well as the individual employees are entitled to judgment as a matter of law. The order of the District Court is affirmed.

Justice

We Concur:

Chief Justice

John Conway Harrison

John C. Sheehy

William E. Hunt

Justices